UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JULIO A. TAVERAS, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

ATLANTIC & PACIFIC ASSOCIATION
MANAGEMENT, INC., a Florida Corporation,

    Defendant.
_____/

## **COMPLAINT**

1. Plaintiff, JULIO A. TAVERAS (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendant, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC., is a Florida Corporation that at all times material to this Complaint has owned and operated a real estate company specializing in acquisitions, development, property management, and investments at more than 140 properties in different locations across the United States including in Florida—with Defendant's headquarters in Bay Harbour Islands within Miami-Dade County—as well as in Georgia, Texas, and California.

3. Plaintiff brings this action on behalf of himself[1] and other current and former employees of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. similarly situated to Plaintiff who have worked as non-exempt administrative office employees, however variously titled, for overtime compensation and other relief under the Fair Labor Standards Act

---

[1] Attached hereto is a signed Consent to Join of JULIO A. TAVERAS.

1

("FLSA"), as amended, 29 U.S.C. §216(b). More specifically, this action is brought to recover from ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other non-exempt administrative office employees of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC.

4.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5.  All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6.  At all times material to this Complaint including but not necessarily limited to during the years of 2015, 2016, 2017, and 2018, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2015, 2016, 2017, and 2018, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. has employed two (2) or more employees who, *inter alia*, have regularly: (a) sold, handled, or otherwise worked with keys, and fobs that are goods and/or materials that had been moved in or produced for commerce; (b) handled and worked with office equipment such as computers and telephones, and supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (c) processed and participated in electronic bank transfers and other financial electronic transactions across State lines between Florida, Georgia,

Texas, and California.

7. Based upon information and belief, the annual gross sales volume of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2015, 2016, 2017, and 2018.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2015, 2016, 2017, and 2018, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. In approximately May 2017, Plaintiff was hired by ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. as a non-exempt "Front Desk" employee based upon the rate of approximately $12.00 per hour.

10. In numerous work weeks during the three (3) year statute of limitations period between approximately May 2017 and May 2018, Plaintiff worked for ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. as a non-exempt, hourly employee in positions known as "Front Desk" and "Administrative Assistant" in Defendant's office at the Brickell Heights property located at 45/55 SW 9th Street, Miami, Florida 33130, with primary duties that were non-exempt in nature consisting of:

    (a) working at the front desk answering telephone and greeting residents and guests;
    (b) data entry of checks received and paid out to vendors and/or refunds to residents;
    (c) assisting residents on their parking assignments;
    (d) selling access fobs, sending out newsletters, and handling reservations for the amenities for both the East and West Towers;
    (e) accepting dry cleaning delivered for the building staff and residents; and
    (f) submitting office supplies orders and organize supplies upon delivery.

11. Between approximately May 2017 and May 2018, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during his employment as a non-exempt, hourly employee for ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. in Miami-Dade County, Florida.

12. Likewise, the other employees of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. who are similarly situated to Plaintiff have regularly worked as non-exempt administrative office employees, however, variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendant at numerous locations within the three (3) year statute of limitations period between October 2015 and the present without being paid time and one-half wages for all of their actual overtime hours worked for Defendant.

13. The additional persons who may become Plaintiffs in this action are ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC.'s current and former non-exempt administrative office employees, however variously titled, who have worked for Defendant at any location in one or more weeks between October 2015 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC.

14. Based upon information and belief, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. has failed to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated non-exempt administrative office employees, however variously titled, during multiple work weeks within the three (3) year statute of limitations period between October 2015 and the present as a result of:

> (a) Defendant's policy and/or practice of failing to maintain accurate time records of all of the hours worked by Plaintiff and other non-exempt employees including between approximately August 2017 and November 2017 while Plaintiff was transitioning between "Front Desk" and "Administrative Assistant" and not

4

crediting Plaintiff for all hours worked each week between August 2017 and November 2017; and

(b) Plaintiff and other similarly situated employees working during purported meal break periods because of, including but not necessarily limited to, Defendant's practice of not allowing Plaintiff and other non-exempt employees to leave the building during lunch breaks beginning in approximately December 2017 and instead having to perform duties for the benefit of Defendant.

15. More specifically, during the three (3) year statute of limitations period between approximately May 2017 and May 2018, Plaintiff regularly worked an average of Five (5) days per week as a non-exempt, hourly office administrative employee for ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. in Miami-Dade County, with start times as early as approximately 7:00 a.m. and stop times that ranged between approximately 5:00-6:00 p.m., with total hours on numerous weeks that ranged between approximately Forty-Five (45) and Fifty (50) hours per week.

16. However, Plaintiff alleges that ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. failed to pay him for an average of approximately: (a) Seven (7) uncompensated overtime hours per week during a total of approximately Ten (10) work weeks between approximately August 2017 and November 2017 as a result of Defendant failing to maintain accurate time records of all of his actual start times, stop times, and total hours worked; and (b) Two (2) uncompensated overtime hours per week during a total of approximately Nineteen (19) work weeks between approximately December 2017 and May 2018 as a result of Plaintiff performing work during purported meal break periods which were not compensated, such that based upon Plaintiff being owed time and one-half wages at the rates of approximately $18.00/hour [$12.00 x 1.5 = $18.00/hour] and $22.50/hour [$15.00 x 1.5 = $22.50/hour], Plaintiff's unpaid overtime wages total approximately $2,115.00 [($18.00/hour x 7 Unpaid OT hours/week x 10 weeks = $ 1,260.00) + ($22.50/hour x 2 Unpaid OT hours/week x 19 weeks = $855.00) ( $1,260.00

+ $855.00 = $2,115.00)].

17. Based upon information and belief, records of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC.'s other similarly situated non-exempt administrative office employees, however variously titled, between October 2015 and the present are in the possession, custody, and/or control of Defendant.

18. Based upon information and belief, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. including but not necessarily limited to Defendant's General Managers, Jessica Rios and subsequently Stephen Walshe—to whom Plaintiff complained regarding his unpaid overtime hours—had knowledge of the full extent of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt administrative office employees for the benefit of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. in on or more weeks between October 2015 and the present but Defendant willfully failed to compensate Plaintiff and all other similarly situated employees, instead accepting the benefits of the overtime work performed by Plaintiff and the others similarly situated to him without paying all of the overtime compensation required by the FLSA.

19. The complete records reflecting the compensation paid by ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. to Plaintiff and all other similarly situated non-exempt administrative office employees, however variously titled, at any location between October 2015 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff, JULIO A. TAVERAS, readopts and realleges the allegations contained in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) of pay for each hour he worked for ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. as a non-exempt administrative office employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately May 2017 and May 2018.

22. All similarly situated non-exempt administrative office employees, however variously titled, of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant at any location but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between October 2015 and the present.

23. ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. has knowingly and willfully failed to pay Plaintiff and the other non-exempt administrative office employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between October 2015 and the present.

24. At all times material to this Complaint, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. had constructive notice and/or actual knowledge that Defendant's compensation practices did not provide Plaintiff and other non-exempt administrative office employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between October 2015 and the present based upon, *inter alia*: (a) inaccurate time records of the start times, stop times, and total hours worked each week by Plaintiff and the other similarly situated employees; and (b) knowingly failing to pay time and one-half wages for all of

the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. knew had been worked for the benefit of Defendant.

25. By reason of the said intentional, willful and unlawful acts of ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC., all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

26. Based upon information and belief, at all times material to this Complaint, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt administrative office employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

27. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC. all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

28. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JULIO A. TAVERAS and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, ATLANTIC & PACIFIC ASSOCIATION MANAGEMENT, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of

suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated:  October 28, 2018                    Respectfully submitted,

              By: **s/KEITH M. STERN**
                 Keith M. Stern, Esquire
                 Florida Bar No. 321000
                 E-mail:  employlaw@keithstern.com
                 LAW OFFICE OF KEITH M. STERN, P.A.
                 One Flagler
                 14 NE 1st Avenue, Suite 800
                 Miami, Florida 33132
                 Telephone:  (305) 901-1379
                 Facsimile:  (561) 288-9031
                 Attorney for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Atlantic & Pacific Association Management, Inc., as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
Julio Taveras (Sep 26, 2018)

Julio A. Taveras