UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-24506-CIV-WILLIAMS/TORRES

JULIO A. TAVERAS, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

ATLANTIC & PACIFIC ASSOCIATION
MANAGEMENT, INC., a Florida Corporation

    Defendant.
_____/

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE AND MOTION TO APPROVE FLSA SETTLEMENT**

Plaintiff, JULIO A. TAVERAS ("Plaintiff"), and Defendant, ATLANTIC PACIFIC ASSOCIATION MANAGEMENT, INC. ("Defendant"), by and through their respective undersigned counsel, hereby stipulate to the dismissal, with prejudice, of this action in its entirety pursuant to the Federal Rules of Civil Procedure, subject to the Court's approval of the settlement of Plaintiff's FLSA claim in this case.

The Parties jointly move the Court for entry of an Order approving the Parties' FLSA settlement and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' FLSA Settlement Agreement (the "Agreement"), a copy of the executed Agreement is attached hereto as Exhibit "1."

**I.   Background**

In the Complaint filed on October 28, 2018, Plaintiff asserts a claim for alleged unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the

"FLSA"). Plaintiff asserts that he performed work for Defendant in excess of 40 hours per week, for which he was not compensated. More specifically, as set forth in the Complaint and Plaintiff's Statement of Claim, Plaintiff alleged that he could be owed as much as approximately $2,115.00 in overtime from (a) Seven (7) uncompensated overtime hours per week during a total of Ten (10) work weeks between August 2017 and November 2017 as a result of Defendant allegedly failing to maintain accurate time records of all of his actual start times, stop times, and total hours worked; and (b) Two (2) uncompensated overtime hours per week during a total of Nineteen (19) work weeks between approximately December 2017 and May 2018 as a result of Plaintiff claiming to have performed work during purported meal break periods which were not compensated.

Defendant denies Plaintiff's claims asserting, *inter alia*, that Defendant paid Plaintiff all compensation to which he was entitled. In support of its position, Defendant provided Plaintiff's counsel with time records and payment records, as well as information about the time recording procedures used by Defendant, which raised doubts as to the viability of Plaintiff's claims, and both Plaintiff and Defendant each propounded Interrogatories and Requests for Production.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law, exchanging case law and discussed their respective positions on the application of current law to the facts of this dispute. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the attached Agreement.

## II.  Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United*

*States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a judgment approving the fairness of the settlement. *Id.;* *see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA unpaid overtime claim. The Parties' settlement arises out of an action brought by the Plaintiff against his former employer, and which action is adversarial in nature. During the past six (6) months in the instant litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of Plaintiff's unpaid overtime claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiff worked any compensable overtime without compensation, and (b) whether Defendant's actions were non-willful and taken in good faith.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of

the disputed issues. The Parties engaged in detailed settlement discussions, through their counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties continued to engage in settlement discussions based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations, and agree that the terms of the settlement are fair and equitable under the circumstances. The Parties agree that the settlement adequately compensates Plaintiff for his alleged overtime claims. Plaintiff was counseled and represented by his attorneys through the litigation and settlement process, and the Agreement has been signed by all Parties.

Finally, the resolution of Plaintiff's claims for attorneys' fees and costs in connection with his FLSA claim in this case was negotiated by Plaintiff with Defendant separate from Plaintiff's underlying overtime claim. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g.*, *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1227-1228 (M.D. Fla. 2009). Here, Defendant agreed to pay $3,350.00 for attorneys' fees incurred in connection with this case, along with costs of $650.00 for the filing fee and service of process—while Plaintiff Counsel's overall attorneys' fee time totaled $5,920.00 from 14.80 hours of Keith M. Stern, Esquire at the rate of $400.00/hour—which resolution is also fair and reasonable consistent with *Lynn's Food Stores*.

### III.   Conclusion

The Parties jointly request that this Court approve the Parties' settlement and request that

CASE NO.: 18-24506-CIV-WILLIAMS/TORRES

the Court dismiss this action with prejudice, reserving jurisdiction to enforce the terms of the settlement.

Respectfully Submitted this 12th day of March 2019,

By: Keith M. Stern
Keith M. Stern, Esq.
Florida Bar No. 321000
Email: *employlaw@keithstern.com*

LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379

*Counsel for Plaintiff*

By: /Edwin Cruz
Scott S. Allen, Esq.
Florida Bar No. 143278
Email: *scott.allen@jacksonlewis.com*
Edwin Cruz, Esq.
Florida Bar No. 55579
E-mail: *edwin.cruz@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600

*Counsel for Defendant*